

# THE ATTORNEY GENERAL
## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN, TEXAS

Overruled by C-61
where conflicts

February 8, 1947

Hon. Stirling T. Phelps
County Attorney
Webb County
Laredo, Texas

Opinion No. V-66

Re: Construction of Article 827b, Sections 1, 2, and 5, Vernon's Annotated Penal Code of Texas

Dear Mr. Phelps:

This is in reply to your letter of January 22, 1947, supplemented by your letter of January 30, 1947, requesting the opinion of this Department on the construction of Article 827b, Sections 1, 2, and 5, V.A.P.C.

We summarize the facts stated in your two letters as follows:

"In Laredo, Texas, there are a number of companies and persons engaged in the transportation of commodities for compensation or hire between Laredo, Texas, on the one hand, and Nuevo Laredo, Mexico, and interior points of Mexico, on the other hand, and vice versa. Reciprocity with respect to registration of motor vehicles, trailers and semi-trailers that are operated for hire does not in fact exist between Texas and the Republic of Mexico. In some instances, residents of Laredo, Texas, that are engaged in this motor transportation business, in an effort to escape penalties imposed by Mexican authorities on Texas motor vehicles operating into and out of Mexico for hire, use trailers and semi-trailers belonging to nonresident Mexicans. These trailers and semi-trailers in most instances have no Mexico registration plates of any kind or character.

"The County Attorney of Webb County is of the opinion that under Article 827b, Sections 1, 2, and 5, V. A. P. C., none of the trailers and semi-trailers above described can be operated in Texas for compensation or hire unless registered in accordance with Texas Law regulating

the registration of Texas owned trailers and
semi-trailers operated for compensation and
hire; and that a nonresident temporary regis-
tration certificate provided for in Article
827b, V. A. P. C., does not apply to motor
vehicles, trailers and semi-trailers used for
compensation or hire."

We have consulted the Mexican Consulate in Aus-
tin, Texas, and we are advised that reciprocity does not
exist between the Republic of Mexico and Texas in regard
to the registration of motor vehicles, trailers and semi-
trailers operated for compensation or hire, and that the
Laws of Mexico do not authorize a motor vehicle, trailer
or semi-trailer that is being operated for hire to make
any trips into the Republic of Mexico without being prop-
erly registered under the Laws of Mexico, even though
the vehicle is properly registered in the State or Coun-
try of the owner of the particular vehicle. Based upon
the facts stated in your letter, as well as the represen-
tations made to us by the Mexican Consulate, we assume
as a fact that reciprocity does not exist between Mexico
and Texas with regard to the registration of vehicles
operated for hire.

On the facts stated in your two letters, and as
summarized above, you ask our opinion as to:

(1) What constitutes a violation of Article
827b, Section 2, V. A. P. C. under the facts stated?

(2) Does Article 827b, Section 5, V. A. P. C.,
apply to others than a nonresident?

Article 827b, Section 1, V. A. P. C., defines
a "vehicle", "motor vehicle", "trailer" and "semi-trailer"
as follows:

"'Vehicle' means every device in, or by
which any person or property is or may be trans-
ported or drawn upon a public highway, except de-
vices moved only by human power or used exclu-
sively upon stationary rails or tracks."

"'Motor Vehicle' means every vehicle as
herein defined which is self-propelled."

"'Trailer' means every vehicle without motive
power designed or used for carrying property or

passengers wholly on its own structure and to
be drawn by a motor vehicle."

"'Semi-trailer' means every vehicle of the
trailer type so designed or used in conjunction
with a motor vehicle that some parts of its own
weight and that of its own load rests upon or is
carried by a motor vehicle."

Article 827b, Section 2, V. A. P. C., reads in
part as follows:

"A nonresident owner of a motor vehicle,
trailer or semi-trailer which has been duly regis-
tered for the current year in the State or country
of which the owner is a resident and in accordance
with the laws thereof, may, in lieu of register-
ing such vehicle as otherwise required by law,
apply to the State Highway Department through a
County Tax Collector for the registration there-
of as provided by law, except that the privileges
granted as otherwise provided for in this Act shall
not apply to any motor vehicle, trailer or semi-
trailer operated within this State for the trans-
portation of persons or property for compensation
or hire. . ." (Emphasis ours)

Under the above quoted portion of the Act in
order for a person to be entitled to registration of a
motor vehicle, trailer or semi-trailer as a nonresident
and thereby secure a temporary registration certificate,
he must be (1) a nonresident of the state; (2) the ve-
hicle in question must have been duly registered for the
current year in the State or country of which he is a
resident; (3) the registration must have been in accord-
ance with the laws of the State or country of which he
is a resident; and (4) the vehicle in question must not
be operated for compensation or hire within this State.

A portion of the question presented, in so far
as it relates to a truck (which under the definition given
in the Act is a motor vehicle), has been heretofore an-
swered by this Department in Opinion No. 09, dated Jan-
uary 10, 1939, from which we quote:

"Article 827b, Section 2, of the Penal Code
provides that motor vehicles registered under
the laws of another state, and being operated
for compensation and hire, will be permitted to

come into Texas two trips per month, and not to stay in excess of four days on any one trip, providing truck operators from Texas operating for compensation and hire are granted the same privileges under the laws of the other state. The State of Oklahoma does not grant this privilege to operators from Texas, <u>therefore, if the trucks in question are being operated for compensation and hire they would not be permitted to enter Texas without being properly registered under the laws of the State of Texas, and you are so advised</u>. (Emphasis ours)

". . ."

The Act above quoted states "except that the privileges granted . . . shall not apply to any motor vehicle, trailer or semi-trailer operated within this state for the transportation of persons or property for compensation or hire", and we are therefore of the opinion that inasmuch as the trailers and semi-trailers described by you are being operated in this state for compensation and hire, it is being done in violation of law, and they should not be permitted to operate in the State of Texas without being properly registered under the laws of this state.

You are further advised that in view of the fact that the trailers and semi-trailers are being operated for hire, such prohibits the owner from obtaining a "non-resident registration certificate" as provided for in the Act.

We express no opinion as to whether or not "trailers" and "semi-trailers" are included in the so-called "reciprocity clause" of the Act, because under the facts stated, reciprocity does not in fact exist.

In your second question you ask whether or not Section 5 of Article 827b, supra, applies to others than nonresidents.

Article 827b, Section 5, V. A. P. C., provides in part as follows:

"No non-resident owner of a motor vehicle, trailer or semi-trailer shall operate any such vehicle or cause or permit it to be operated upon the public highways of this State, either

before or while it is registered under this
Section, unless there shall at all times be dis-
played thereon the registration number plates
assigned to said vehicle for the current
calendar year by the country or state of
which such owner is a resident, nor unless
the certificate of temporary registration,
when issued as in this section provided
shall be placed on said motor vehicle in the
manner to be specified by the Department.
Provided the Department shall not adopt any
patented container, holder or device for the
certificate of temporary registration nor
shall any visitor be required by said Depart-
ment to purchase or have said container,
holder or device for said certificate . . ."

There being no court decisions relative to the
Article in question, it is necessary that we review and
study the various legislative enactments relating thereto
in order to ascertain the legislative intent. The Act
(Article 827b), of which Section 5 is a part, was origi-
nally enacted and embraced in Senate Bill No. 95, Forty-
first Legislature, 1930, Fourth Called Session. The
caption to this bill reads as follows:

"An Act providing for the temporary regis-
tration or visiting privileges in this State
of vehicles owned by citizens of another state
or country and duly registered under the laws
of said state or country for the current year;
prescribing restrictions under which vehicles
may be operated; prescribing penalties for any
violation hereof; repealing all laws and parts
of laws in conflict herewith; and declaring an
emergency."

Senate Bill No. 95 was repealed in its entirety
by House Bill No. 83, Forty-first Legislature, 1930,
Fifth Called Session, and House Bill No. 83 gave us, with
the exception of Section 2, Article 827b in its present
form. The caption of House Bill No. 83 reads in part
as follows:

"An Act providing for the temporary regis-
tration of visiting privileges in this State,
of vehicles owned by citizens of another state
or country and duly registered under the laws
of said state or country for the current year

. . . prescribing restrictions under which said vehicles may be operated; providing certain exceptions and exemptions . . ." (Emphasis ours)

Section 8 of House Bill No. 83 recited, among other things, the "fact that the law now on the Statute books of this State <u>regulating the operation of motor vehicles owned by non-residents</u> is burdensome and . . ." (Emphasis ours)

It is obvious that Article 827b, V. A. P. C., is a statute designed for, and for the purpose of, regulating vehicles of nonresident owners temporarily in this state. It was designed to grant nonresident owners certain privileges with reference to the operations of their vehicles while temporarily within this state, and the Legislature in enacting the law obviously did not want to extend any privilege to a nonresident owner that a resident citizen of this state did not enjoy.

Article 807b, Section 6, V. A. P. C., requires any person who operates a road tractor, motorcycle, trailer or semi-trailer upon the public highways of this state to have attached thereto and displayed on the rear thereof a license plate duly and lawfully assigned therefor for the current year. It has been many times declared by the courts, and observed by writers on the subject of "Motor Vehicles", that the main purpose of a license plate, other than taxation, is for the purpose of identification. 5 Am. <u>Jur</u>., Sections 91, 111, pages 567, 573. In enacting Section 5 of Article 827b, supra, the Legislature brought forward this requirement with reference to nonresident owners of vehicles who secured temporary registration certificates, and provided for penalties for disobedience thereof.

From what has been said above, we are of the opinion, and you are so advised, that Section 5 of Article 827b, V. A. P. C., was designed for, and applies to nonresident owners of vehicles, and it was not designed to apply to others than nonresident owners.

### SUMMARY

(1) Trailers and semi-trailers as defined in Article 827b, Section 1, V. A. P. C., that are owned by nonresidents and used in transportation for compensation or hire over the public highways of Texas cannot obtain a "temporary registration certificate" as provided

for in Article 827b, supra, but in order for their operation to be lawful, such trailers and semi-trailers must be registered in accordance with Texas Laws regarding the registration of commercial vehicles.

(2) Article 827b, Section 5, V. A. P. C., was designed for, and applies to nonresident owners of vehicles, and not to others.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Charles D. Mathews*
Charles D. Mathews
Assistant

APPROVED FEB. 8, 1947

*Price Daniel*
ATTORNEY GENERAL

CDM:jt:jrb

Approved Opinion Committee
By BWB, Chairman